IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK CHANDLER,

    Petitioner,               No. CIV S-07-1762 GEB DAD P

    vs.

S. MOORE, Warden,

    Respondent.          FINDINGS AND RECOMMENDATIONS

                        /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the November 19, 2003, decision by the California Board of Parole Hearings ("Board") to deny him parole. On October 8, 2008, the undersigned ordered respondent to file and serve a response to petitioner's petition. On December 4, 2008, respondent moved to dismiss, arguing that the habeas petition before the court is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has not filed an opposition to the motion.[1]

---

[1] On January 16, 2009, the undersigned issued an order to show cause, ordering petitioner to file an opposition to respondent's motion to dismiss within twenty days and warning petitioner that failure to do so could "be deemed a waiver of any opposition to the granting of the motion." Petitioner has not complied with the court's order. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

1

## BACKGROUND

On November 19, 2003, the Board found petitioner unsuitable for parole. (Pet., Ex. 3.) On February 10, 2004, petitioner filed a petition for writ of habeas corpus in the Amador County Superior Court challenging the Board's 2003 decision. (Resp't's Ex. A.) On October 20, 2005, that petition was denied by the court. (Resp't's Ex. A.). On June 26, 2006, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal and on July 6, 2006, that petition was denied. (Resp't's Ex. B.) Finally, on September 1, 2006, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Resp't's Ex. C.) On April 11, 2007, the California Supreme Court denied the petition. (Id.) Petitioner filed the instant federal petition on August 28, 2007.

## RESPONDENT'S MOTION TO DISMISS

Respondent argues that petitioner's federal habeas petition is time-barred. Specifically, respondent argues that on February 10, 2004, petitioner filed his first state habeas petition in the Amador County Superior Court challenging the Board's decision. He was therefore aware of the factual predicate of his claims, and the statute of limitations began to run, no later than that same date. (Resp't's Mot. to Dismiss at 2-4.)

Respondent does not dispute that petitioner is entitled to statutory tolling during the time his state habeas petition was pending in the Superior Court. However, respondent argues that petitioner did not file his next state habeas petition with the California Court of Appeal until 247 days after the Superior Court denied his initial petition. Respondent contends that petitioner unreasonably delayed in filing his petition with the state appellate court and is therefore not entitled to statutory tolling for these 247 days. Respondent also does not dispute that petitioner is entitled to statutory tolling for the time his habeas petition was pending in the California Supreme Court. However, respondent argues that petitioner did not file his federal petition in this court until August 28, 2007, 138 days after the California Supreme Court had denied his final state petition. Accordingly, respondent concludes that at least 385 days had

elapsed by the time petitioner filed his federal petition, rendering his federal petition untimely. (Resp't's Mot. to Dismiss at 3-4.)

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitation applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition.  See <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

II.  <u>Application of § 2244(d)(1)(D) & (d)(2)</u>

The Ninth Circuit has determined that the one-year period of limitation set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the

judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on Parole Board decisions). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run once "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In this case, petitioner discovered the factual predicate of his claims no later than, and almost certainly prior to, February 10, 2004, when he filed his petition for writ of habeas corpus in the Amador County Superior Court challenging the Board's decision to deny him parole. See 28 U.S.C. § 2244(d)(1)(D). Accordingly, for purposes of federal habeas relief, the one year statute of limitations for the filing of a federal petition began to run no later than February 11, 2004, and expired one year later on February 10, 2005. See Shelby, 391 F.3d at 1066 (limitation period began running day after petitioner received notice of denial of appeal); Redd, 343 F.3d at 1082 (same). Petitioner did not file his original federal habeas petition challenging the Board's 2003 decision in this court until August 28, 2007. Accordingly, his petition is untimely by more than two years unless petitioner is entitled to statutory tolling.

"The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). A state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

/////

Here, the court finds that petitioner is entitled to statutory tolling from February 10, 2004, the date petitioner filed his first state habeas petition in the Amador County Superior Court, to October 20, 2005, the date the Superior Court denied the petition.  However, petitioner is not entitled statutory tolling for the 247 days (over eight months) between the Superior Court's denial of his first state habeas petition and the filing of his second state habeas petition in the California Court of Appeal.  In that regard, petitioner unreasonably delayed in filing his petition with the state appellate court and has not explained or justified this delay.  See, e.g., Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (unexplained delays of eighteen, fifteen, and ten months between habeas filings are unreasonable and not subject to interval tolling).

In reaching this conclusion, the court has taken into account the following.  In Evans v. Chavis, 546 U.S. 189, 192-93 (2006), the U.S. Supreme Court acknowledged that in California, a state prisoner may seek review of an adverse lower court decision by filing a habeas petition in a higher court, and that such a petition is timely if it is filed within a "'reasonable time.'"  546 U.S. at 192-93.  In deciding in that case whether the three-year interval between the California Court of Appeal's denial and the filing of a habeas petition with the California Supreme Court was reasonable, the Supreme Court concluded that in "viewing every disputed issue most favorably to Chavis, there remains a totally unexplained, hence unjustified, delay of at least six months."  546 U.S. at 201.  In that context, the Supreme Court stated as follows:

> Six months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court.  Saffold, supra, at 219, 122 S. Ct. 2134.  It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court, see Cal. App. Ct. Rule 28(e)(1) (2004).  We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable."  Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in Saffold.

Id.  Thus, "Evans made clear that an unexplained delay of six months between the denial of one California state court and a new filing in a higher California court was too long to permit tolling

of the federal limitations period on the ground that state court proceedings were 'pending.'" Waldrip v. Hall, 548 F.3d 29, 735 (9th Cir. 2008).[2]

Finally, assuming petitioner is entitled to statutory tolling for the periods his state habeas petitions were pending in the California Court of Appeal and the California Supreme Court, an additional 138 days elapsed under the statute of limitations between the California Supreme Court's denial of his state habeas petition and his filing of his federal petition. By the time petitioner filed his federal petition, under any plausible calculation more than one year (approximately 385 days) had run on the statute of limitations. Thus, petitioner's federal habeas petition is time-barred. Accordingly, under these circumstances, respondent's motion to dismiss should be granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with prejudice.

/////

/////

---

[2] It may well be that petitioner could have provided an adequate explanation for all or part of his 247-day delay in proceeding from one state court to the next. As one district court has noted, California courts have excused long delays "where the petitioner was uneducated, was ignorant of legal rights and procedures" and "[t]he United Supreme Court has also implied that a delay may be excused if the prisoner was unable to access the prison law library due to scheduling conflicts or prison lockdowns." Gutierrez v. Dexter, No. CV 07-00122-MMM (MLG), 2008 WL 4822867 at *5 (C.D. Cal. Oct. 30, 2008). See also White v. Ollison, 530 F. Supp. 2d 1077, 1083 (C.D. Cal. 2007) (76-day delay to resubmit petition on a proper form after Clerk of the Court refused to file it was not unexplained and was therefore subject to tolling); Bui v. Hedgpeth, 516 F. Supp. 2d 1170, 1174-76 (C.D. Cal. 2007) (83-day delay to conduct additional research and 158-day delay due to difficulties in obtaining photocopies properly tolled); Roeung v. Felker, 484 F. Supp. 2d 1081, 1084-85 (C.D. Cal. 2007) (six-month delay to conduct further research and expand petition properly tolled); Haynes v. Carey, No. Civ. S-07-0484 LKK DAD P, 2007 WL 3046008, *3-5 & n.3 (E.D. Cal. Oct. 18, 2007) (170-day gap between denial of relief and filing of the next petition was explained by prison law library closures and library access limited by lock downs, staff meetings, training and schedule irregularities and therefore was subject to tolling); Burke v. Campbell, No. Civ. S-06-0459 FCD DAD P, 2006 WL 3589510 (E.D. Cal. Dec. 11, 2006) (significant delays explained by limited prison law library access, complexity of legal issues to be raised, serious medical conditions and other legal actions against which petitioner was forced to defend properly subject to tolling where respondent failed to rebut the explanations). However, as noted above, petitioner has filed no opposition to the pending motion even after the court's January 16, 2009, order to show cause directing him to do so. As such, the delay of more than eight months remains completely unexplained and is therefore not subject to tolling.

**CONCLUSION**

IT IS HEREBY RECOMMENDED that:

1. Respondent's December 4, 2008 motion to dismiss (Doc. No. 7) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 5, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
chan1762.157